Joseph G. Sauder
jgs@sauderschelkopf.com
Matthew D. Schelkopf
mds@sauderschelkopf.com
**SAUDER SCHELKOPF LLC**
555 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580
Facsimile: (610) 421-1326

*Attorneys for Plaintiffs and the Proposed Class*

*[LIST OF ADDITIONAL COUNSEL ON SIGNATURE PAGE]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KINNICK and WALLACE COATS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, LTD, HYUNDAI MOTOR AMERICA, INC., and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 8:17-cv-02208<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR UNOPPOSED MOTION FOR THE APPOINTMENT OF INTERIM CLASS COUNSEL** |

# TABLE OF CONTENTS

*Page*

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................3

    A. The Court Should Appoint Interim Class Counsel .........................................3

        1. Standards for Appointing Interim Class Counsel ...............................5

        2. Proposed Interim Class Counsel Has Significant Relevant Experience and Knowledge of the Applicable Law ............................5

        3. Proposed Interim Class Counsel Has Put Forth Significant Work in Identifying and Investigating Potential Claims in the Action .........9

        4. Proposed Interim Class Counsel Has Committed, and Will Continue to Commit, Significant Time and Resources to Litigate This Action ........................................................................................11

        5. Given the Complexity of the Action, the Proposed Case Leadership Structure is Appropriate ..................................................11

        6. There Is a Competing Action ...........................................................12

III. CONCLUSION..................................................................................................13

i

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.: 8:17-cv-02208-JLS-JDE

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Apple & AT&TM Antitrust Litig.*,
   No. 07-05152, 2008 U.S. Dist. LEXIS 120061 (N.D. Cal. Apr. 15, 2008) ...........10

*Apple iPhone/iPod Warranty Litig.*,
   No. 10-01610, 2014 U.S. Dist. LEXIS 64573 (N.D. Cal. May 8, 2014) ...............11

*Brazil v. Dole Packaged Foods, LLC*,
   No. 12-01831, 2014 U.S. Dist. LEXIS 74234 (N.D. Cal. May 30, 2014) ..............5

*Cardinal Health, Inc. ERISA Litig.*,
   225 F.R.D. 552 (S.D. Ohio 2005)..................................................................................4

*In re NASDAQ Market-Makers Antitrust Litig.*,
   169 F.R.D. 493 (S.D.N.Y. 1996)..............................................................................5, 6

*In re TFT-LCD Antitrust Litig.*,
   267 F.R.D. 583 (N.D. Cal. 2010) .................................................................................5

*Nat'l Fed'n of the Blind v. Target Corp.*,
   582 F. Supp. 2d 1185 (N.D. Cal. 2007)......................................................................5

*Paraggua v. Linkedin Corp.*,
   No. 12-03088, 2012 U.S. Dist. LEXIS 123226 (N.D. Cal. Aug. 29, 2012).............5

*Pecover v. Elec. Arts Inc.*,
   No. 08-2820, 2010 U.S. Dist. LEXIS 140632 (N.D. Cal. Dec. 21, 2010) .............11

*Ross v. Jack Rabbit Servs., LLC*,
   No. 3:14-CV-00044-TBR, 2014 WL 2219236 (W.D. Ky. May 29, 2014).............4

*Wolph v. Acer Am. Corp.*,
   272 F.R.D. 477 (N.D. Cal. 2011) .................................................................................5

*Yaeger v. Subaru of America, Inc.*,
   No. 14-4490(JBS/KMW), 2014 WL 7883689 (D.N.J. Oct. 8, 2014) ...................13

**Rules**

Fed. R. Civ. P. 23(g) ................................................................................................. *passim*

# TABLE OF AUTHORITIES

*Page(s)*

Other Authorities

Chief Judge Edward R. Becker,
   74 TEMP. L. REV. 689 (2001) ................................................................................10

*Governance and Legitimacy in the Law of Class Actions*,
   1999 SUP. CT. REV. 337 .........................................................................................4

Manual for Complex Litigation, Fourth, § 21.11, at 246 (Fed. Judicial Center 2004) ....13

iii

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.: 8:17-cv-02208-JLS-JDE

Plaintiffs James Kinnick and Wallace Coats (together, "Plaintiffs"), submit this Memorandum of Law in support of their Unopposed Motion for Appointment of Interim Class Counsel.[1] As demonstrated below, the appointment of Matthew Schelkopf of Sauder Schelkopf LLC and Adam Gonnelli of the Sultzer Law Group as Interim Co-Lead Counsel, and the appointment of Bonner Walsh of Walsh PLLC to the Executive Committee, (collectively, "Proposed Interim Class Counsel") is in the best interest of the Class. *See* Fed. R. Civ. P. 23(g). Accordingly, Plaintiffs, by and through their attorneys, respectfully request that the Court enter the accompanying Proposed Order ("Order") appointing Interim Class Counsel.

## I. INTRODUCTION

This is a class action lawsuit brought by Plaintiffs on behalf of themselves and a class of current and former owners and lessees with Theta 2.0-liter and 2.4-liter gasoline direct injection engines (the "GDI Engines") installed in certain 2015-2016 Hyundai Sonata, Tucson, and Santa Fe vehicles (the "Class Vehicles"). (Class Action Complaint ("Compl.") at ¶ 1.) This action arises from Defendants' failure to disclose to Plaintiffs and similarly situated consumers, despite their longstanding knowledge, that the engines in the Class Vehicles contain, inter alia, a latent defect that results in the restriction of oil flow through the connecting rod bearings, as well as to other vital areas of the engine. (Compl. at ¶ 2.) This defect – which typically manifests itself during and shortly after the limited warranty period has expired – will cause the Class Vehicles to experience vehicle stalling during operation and catastrophic engine failure. (*Id.*)

As detailed in the Complaint, there have been three prior recalls of the GDI Engines. First, in September of 2015, Hyundai recalled certain model year 2011-2012 Hyundai Sonata vehicles equipped with the GDI Engines. (Compl. at. ¶ 63.) This recall was issued because Hyundai determined that metal debris may have been generated from factory machining operations as part of the manufacturing of the engine crankshaft during

---

[1] Hyundai does not oppose the leadership structure proposed in Plaintiffs' motion, without endorsing all Plaintiffs' characterizations of the underlying events

-1-

1  December 11, 2009, to April 12, 2012. (Compl. ¶ 64.) Second, between May 25 and June
2  10, 2016, Kia – of which Hyundai owns approximately one-third of Kia's stock –
3  followed suit and recalled 2011-2014 Optima vehicles due to issues with the same
4  connecting rod wear in the GDI Engines. (Compl. at ¶ 68.) Third, in March and June
5  2018, Hyundai and Kia jointly announced a recall covering an additional 1.4 million
6  vehicles with the GDI Engines because of widespread reports that were failing and
7  stalling for the same reasons. (Compl. at ¶ 69.) This recall included the 2013-2014
8  Hyundai Santa Fe, the 2011-2014 Kia Optima, the 2011-2013 Kia Sportage, and the
9  2012-2014 Kia Sorento. (*Id.*)
10      Despite these recalls of other vehicles with the GDI Engines, Hyundai has failed to
11  recall the Class Vehicles. (Compl. at ¶ 70.) As with the earlier makes and models of
12  vehicles with the GDI Engines, the presence of metal debris in the oiling system causes
13  the connecting rod bearings to fracture. (Compl. at ¶ 71.) As this occurs, more and more
14  metal debris contaminants the oil and eventually prevents the oil filter from removing the
15  contaminants and maintain the necessary oil pressure within the engine. (*Id.*) This causes
16  oil lubrication channels to clog and prevents engine oil from being pumped throughout
17  the engine, a condition often referred to as oil starvation. (Compl. at ¶ 76.) Oil starvation
18  can then cause catastrophic engine failure, thus placing Plaintiffs and the Class in danger
19  while operating the Class Vehicles. (Compl. at ¶ 77.)
20      Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court has the
21  discretion to designate interim counsel.  Proposed Interim Class Counsel are well
22  qualified to represent the putative Class, with substantial experience representing
23  consumers in similar automotive defect cases, extensive knowledge of the applicable law
24  and have invested substantial time communicating with hundreds of members of the
25  putative class.  Proposed Interim Class Counsel are ready, willing and able to continue to
26  devote the personnel and resources required to zealously prosecute this litigation and
27  represent the Class.  The undersigned firms all support the appointment of the Proposed
28  Interim Class Counsel structure.

As shown below, Proposed Interim Class Counsel readily meets the requirements of Federal Rules of Civil Procedure, Rule 23(g).  Plaintiffs therefore respectfully request this Court appoint Matthew Schelkopf of Sauder Schelkopf LLC and Adam Gonnelli of the Sultzer Law Group as Interim Co-Lead Counsel, and appoint Bonner Walsh of Walsh PLLC to the Executive Committee, to protect the interests of the Class and to promote an efficient adjudication of this and any related case(s) filed in, transferred to, or removed to this Court.

## II. ARGUMENT

### A. The Court Should Appoint Interim Class Counsel

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a district court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  To fulfill this objective effectively, courts routinely appoint interim counsel at early stages of the litigation prior to any determination of class certification.  *See, e.g., In re Samsung Elecs. Am., Inc. Blu-ray Class Action Litig.*, No. 2:08-cv-00663-JAG-MCA (D.N.J.) (appointing interim co-lead counsel on the same day the motion to dismiss was filed); *In re LG Front Load Washing Mach. Class Action Litig.*, No. 2:08-cv-00051-FSH-MAS (D.N.J.) (appointing interim lead and liaison counsel with an executive committee before the motion to dismiss was decided); *Lax v. Toyota Motor Corp.*, No. 14-cv-01490-WHO, ECF No. 34 (N.D. Cal. Aug. 14, 2014) (appointing Interim Co-Lead Counsel on the same day the defendant's motion to transfer was denied).

Interim appointment is consistent with the many tasks counsel must perform on behalf of the proposed class prior to class certification, which may include the following:

1. Present (to the court or defendants) the position of plaintiffs and the proposed class on matters arising during pretrial proceedings;
2. Conduct all discovery and motion practice;
3. Conduct settlement negotiations and, where appropriate, present a proposed settlement to the court on behalf of the proposed class;

-3-

4. Delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for plaintiffs and the proposed class is conducted efficiently and effectively;

5. Enter into stipulations with opposing counsel;

6. Prepare and distribute status reports to any other law firms that might seek to represent the proposed class;

7. Maintain adequate time and disbursement records covering services as interim counsel;

8. Monitor the activities of any other law firms that might seek to represent the proposed class to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. Perform any other duties that may be incidental to the proper prosecution and coordination of pretrial activities.

Manual for Complex Litigation ¶¶ 10.221, 40.22 (4th ed. 2004).

The appointment of interim counsel clarifies the attorneys' roles and responsibilities, formally empowers them to act in the best interests of the proposed class, and assures defense counsel that they are dealing with the authorized representatives of the proposed class. *See generally id.* at § 21.11 (discussing the reasons that "[b]efore ruling on class certification, a judge should address . . . [w]hether to appoint interim class counsel . . . ."); *see also n re Cardinal Health, Inc. ERISA Litig.*, 225 F.R.D. 552, 559(S.D. Ohio 2005) (explaining duties of interim counsel). Even where there is but one pending action, appointment of interim counsel will clarify who bears the responsibility for protecting the interests of the putative class. *See, e.g., Ross v. Jack Rabbit Servs., LLC*, No. 3:14-CV-00044-TBR, 2014 WL 2219236, at *5 (W.D. Ky. May 29, 2014) (appointing interim counsel despite pendency of only one class action brought by a single plaintiff). The appointment of interim counsel also eliminates any risk that a defendant will try to play rival class counsel against one another to the possible detriment of the class. *Governance and Legitimacy in the Law of Class Actions*, 1999 SUP. CT. REV. 337, 388 (discussing the danger of a "race to the bottom" situation).

-4-

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.:  8:17-cv-02208-JLS-JDE

As discussed below, Proposed Interim Class Counsel are highly qualified, will fairly and adequately represent Plaintiffs and members of the putative Class, and their appointment at this stage in the litigation is most appropriate.

### 1. Standards for Appointing Interim Class Counsel

A court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. *Paraggua v. Linkedin Corp.*, No. 12-03088, 2012 U.S. Dist. LEXIS 123226, at *6, (N.D. Cal. Aug. 29, 2012) (citing FED. R. CIV. P. 23(g)(3)).

> Under [Fed. R. Civ. P. 23(g)], the court considers: '(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.' The court may also 'consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.'

*Id.*

### 2. Proposed Interim Class Counsel Has Significant Relevant Experience and Knowledge of the Applicable Law

As courts evaluating the adequacy of representation requirement at the class certification stage have repeatedly held, a class is fairly and adequately represented where counsel are qualified, experienced, and generally able to conduct the litigation on its behalf. *See, e.g., Brazil v. Dole Packaged Foods, LLC*, No. 12-01831, 2014 U.S. Dist. LEXIS 74234, at *35 (N.D. Cal. May 30, 2014); *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 487 (N.D. Cal. 2011); *Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1202 (N.D. Cal. 2007); *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 583, 594 (N.D. Cal. 2010); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously).

The qualifications and experience of Interim Class Counsel in federal and state courts and, specifically, in complex class actions involving product defects and consumer

fraud are set forth in the accompanying firm resumes and declarations. (*See* Declaration of Matthew Schelkopf, attached hereto as Exhibit 1; Declaration of Adam Gonnelli, attached hereto as Exhibit 2.)

**Sauder Schelkopf LLC**

Sauder Schelkopf has significant experience in consumer class actions, including those involving defective products. Recently, Sauder Schelkopf attorneys have been appointed to leadership positions and prosecuted the following product defect and consumer cases:

- Appointed as Class Counsel and achieved final approval of a class settlement by Judge George Caram Steeh in *Tolmasoff v. General Motors, LLC*, No.: 2:16-cv-11747 (E.D. Mich.) in a case involving a claim of overstated miles-per-gallon in GM vehicles.

- Appointed as Co-Lead Interim Co-Lead Counsel by Judge Madeline Cox Arleo in *Bang v. BMW of North America*, LLC, No.: 2:15-cv-6945 (D.N.J.) in a case involving a claim of a vehicle defect causing excessive oil consumption.

- Appointed as Co-Class Counsel in *Yaeger v. Subaru of America, Inc.*, No. 1:14-cv-04490 (D.N.J.), in a case involving a claim of a vehicle defect causing excessive oil consumption, and Chief Judge Simandle in granting final approval of a settlement on behalf of 577,860 class members, observed that Sauder Schelkopf attorneys were "more than adequate to the task and faithful to the interests of absent class members." *Id.* at ECF No. 107.

- Appointed as Co-Class Counsel in *Mendoza v. Hyundai Motor Co.*, No. 5:15-cv-01685 (N.D. Cal.) and achieved final approval of a class settlement related to premature engine failure in certain Hyundai vehicles.

- Appointed as Co-lead Counsel in *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J.) a class action lawsuit on behalf of consumers who purchased NIBCO's allegedly defective plumbing products, including PEX tubing and clamps, or otherwise had those plumbing products installed in their homes or other structures.

- Achieved a $14 million joint settlement in *Klug v. Watts Regulator Co.*, No. 8:15-cv-61 (D. Neb.) and *Ponzo v. Watts Regulator Co.*, No. 8:16-200 (D. Neb.) on behalf of consumers with allegedly defective toilet connectors and water heater connectors manufactured by Watts.

**The Sultzer Law Group**

The Sultzer Law Group focuses on complex civil litigation nationwide. The firm is headquartered in Poughkeepsie, New York, with additional offices in New York City

-6-

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.: 8:17-cv-02208-JLS-JDE

and New Jersey. Since its founding in 2013, the firm has acted as lead counsel in a number of high-profile consumer class action cases.  The firm's class action practice group is included in Martindale-Hubbell's Bar Register of Preeminent Lawyers for Class Actions and has also been featured in numerous publications, including <u>Law360</u>, <u>Inside Counsel Magazine</u>, <u>Risk Management Magazine</u>, and <u>CNBC News</u>.  Mr. Sultzer, the firm's founding partner, has 20 years of significant experience related to both prosecuting and defending class actions. Prior to opening The Sultzer Law Group, he served as the co-chairman of the Class Action Practice Group of one of the largest law firms in the country, and he has written and lectured extensively on class action practice.  Partner Adam Gonnelli has served as lead or co-lead counsel in numerous high-profile class action cases throughout the country resulting in multi-million dollar recoveries to consumers, employees, and investors.

The Sultzer Law Group has advocated for consumers' rights, successfully challenging some of the nation's largest and most powerful corporations for a variety of improper, unfair, and deceptive business practices.  In addition, the firm has also acted as lead counsel in the following representative cases, many of which involve claims for false advertising of consumer products:

- *Baumgarten v. Cleanwell, LLC*, 1:16-cv-01780 (E.D.N.Y.) (obtained preliminary approval for injunctive relief regarding representations that the products were natural);

- *Davenport v. Discover Financial Serv.*, 1:15-cv-06052 (N.D. Ill.) ($5m recovery in TCPA case);

- *Foster, Andrew Tyler et al. v. L-3 Communications EOTECH, Inc., et al.*, 15-cv-03519 (W.D. Mo.) (obtained monetary recovery for consumers who purchased falsely advertised holographic weapons sights);

- *Nicotra, Jennifer et al. v. Babo Botanicals, LLC*, 16-cv-00296 (E.D.N.Y.) (obtained injunctive relief against company for claiming products were natural);

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.:  8:17-cv-02208-JLS-JDE

- *Run Them Sweet, LLC v. CPA Global, Ltd., et al.*, 1:16-cv-1347 (E.D. Va.) (obtained a settlement fund of $5,600,000 for consumers who were overcharged for foreign patent renewal services);

- *Rapoport-Hecht, Tziva et al. v. Seventh Generation, Inc.* (SDNY 14-cv-9087) ($4.5m recovery); and

- *Vincent, Wesley, et al. v People Against Dirty, PBC. and Method Products, PBC.*, (SDNY 7:16-cv-06936-NSR) ($2.8m recovery).

### Walsh PLLC

Mr. Walsh's experience with handling consumer class actions supports his firm's appointment to the Executive Committee in this case. The appointment of Mr. Walsh to the Executive Committee will help to streamline discovery and any disputes with defense counsel regarding discovery. Mr. Walsh has been certified as class counsel in previous nationwide and state class actions and has used his expertise to garner substantial victories for plaintiffs and class members resulting in over $500,000,000.00 in total benefits to those classes of consumers. Representative cases include:

- *Eatmon v. Palisades Collection LLC*, No. 2:08-cv-00306 (E.D. Tex. Mar. 24, 2010) (Order adopting report and recommendations to certify class and appoint class counsel);
- *Lantrip v. Dodeka L.L.C.*, No. 2:08-cv-00476 (E.D. Tex. Sept. 15, 2011) (Order granting final approval of settlement and appointing class counsel);

- *Taylor* v. *Apex Financial Management,* No. 2:09-cv-00229-TJW (E.D. Tex. Sept. 21, 2010) (Order Granting Class Certification and appointing class counsel);

- *Walker* v. *Asset Acquisition Group, L.L.C.,* No. 9:10-cv-185 (E.D. Tex. Aug. 25, 2011) (Order Granting Class Certification and appointing class counsel);

- *Bobby Prescott and Pamela White v. Autovest, L.L.* C., 2:11-c'v-00219, (E.D. Tex. October 28, 2011) (Order Conditionally Certifying Class, Granting Approval and appointing class counsel);

-8-

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.:  8:17-cv-02208-JLS-JDE

- *Michael Cox, et al v. Hilco Receivables, LLC and Central Credit Services, Inc.*, 3:09-cv-0897, (N.D. Tex. Sept. 16, 2011) (Order Granting Preliminary Approval and appointing class counsel);

- *In Re: Shop-Vac Marketing and Sales Practices Litigation*, MDL 2380 (M.D. Pennsylvania, December 9, 2016) (Memorandum by Judge Kane in support of Final Approval, Walsh PLLC active Executive Committee member); and

- *Foster, et. al v. L-3 Communications EOTech, Inc. et. al* (W.D. MO July 7, 2017) (Order Granting Final Approval, Walsh PLLC appointed Co-Lead counsel).

In addition to experience with consumer class actions, Mr. Walsh holds a B.S in Physics, enabling him to deal with experts effectively and knowledgeably, giving Plaintiffs an advantage in the efficient gathering of evidence. Prior to attending law school, Mr. Walsh did significant research concerning defects in metals and gained a familiarity with laboratory testing protocols as well as analytical tools beyond those normally found in an attorney's toolkit. Mr. Walsh's research paper, *Segregation of Solutes In Two-Phase Mixtures*, was published in *Hyperfine Interactions*—a journal devoted to physics and chemistry. Additionally, Mr. Walsh presented his research, *Site Preferences of Solutes In The Two-phase Field Between $Pd_3Ga_7$ And PdGa*, to the American Physics Society. Walsh's scientific expertise and experience handling complex consumer litigation further supports his appointment as a member of the Executive Committee.

In sum, Proposed Interim Class Counsel brings a wealth of litigation experience representing consumers and leading class actions, including consumer class actions in particular. This background provides it the specific experience and understanding of the applicable law to be applied in this case.

### 3. **Proposed Interim Class Counsel Has Put Forth Significant Work in Identifying and Investigating Potential Claims in the Action**

This Court has held the amount of time and effort counsel puts forth into the class action lawsuit, even prior to class certification, is a significant factor in appointing

-9-

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.: 8:17-cv-02208-JLS-JDE

Interim Class Counsel.  *See In re Apple & AT&TM Antitrust Litig.,* No. 07-05152, 2008 U.S. Dist. LEXIS 120061, at *9-10 (N.D. Cal. Apr. 15, 2008) (appointing interim counsel in part because counsel invested significant time and effort into the case by investigating factual issues and identifying and researching potential claims).  Here, Proposed Interim Lead Class Counsel has already spent hundreds of hours of attorney and paralegal time in identifying and investigating potential claims in the Action, and then obtaining detailed product failure information from hundreds of putative class members.

First, Proposed Interim Class Counsel conducted an extensive investigation into the issues with the GDI Engines after being contacted by consumers complaining of engine failures.  Proposed Interim Class Counsel interviewed members of the putative class regarding these issues, conducted an investigation into the potential causes and Hyundai's design decisions, consulted experts in the automotive engineering field and drafted a detailed Class Action Complaint, clearly setting forth the cause and effect of the defect in the GDI Engines.[2]

Second, Sauder Schelkopf attorneys served as class counsel in a prior litigation involving the defective GDI Engines in certain model year Hyundai Sonata vehicles. *Mendoza v. Hyundai Motor Co.*, No. 5:15-cv-01685 (N.D. Cal.). Final approval to a class settlement was granted on January 31, 2017 by Judge Freeman. Because the defect in the Class Vehicles in this litigation bears similarities to the defect at issue in *Mendoza*, Sauder Schelkopf has a wealth of experience to draw from while prosecuting the instant litigation.

//
//
//
//

---

[2] According to the *Third Circuit Task Force Report on the Selection of Class Counsel*, the filing of a well-prepared complaint after significant investigation is work relevant to the appointment of class counsel.  Chief Judge Edward R. Becker, 74 TEMP. L. REV. 689, 772 (2001).

-10-

### 4. Proposed Interim Class Counsel Has Committed, and Will Continue to Commit, Significant Time and Resources to Litigate This Action

As demonstrated by the work identified in section 3, *supra*, Proposed Interim Class Counsel have already committed the time and effort of numerous attorneys to the legal research, factual investigation, and prosecution of the case, and will continue to do so, keeping in mind appropriate staffing levels for each project. Further, Proposed Interim Class Counsel have commenced significant investigations of potential class member claims, which are ongoing. Proposed Interim Class Counsel is ready, willing and able to commit the resources necessary to litigate this case vigorously. *See Pecover v. Elec. Arts Inc.*, No. 08-2820, 2010 U.S. Dist. LEXIS 140632, 69 (N.D. Cal. Dec. 21, 2010) (appointing class counsel after considering "counsel's work in identifying potential claims, counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in this action, counsel's knowledge of the applicable law as evidenced by their memoranda and declarations submitted in this action and the resources that counsel will commit to representing the class"); *In re Apple iPhone/iPod Warranty Litig.*, No. 10-01610, 2014 U.S. Dist. LEXIS 64573, at *22-23 (N.D. Cal. May 8, 2014) (confirming appointment of class counsel in part because class counsel prosecuted, and would continue to prosecute, the case vigorously, effectively, and in the best interests of the class members). Accordingly, Proposed Interim Class Counsel easily satisfies the adequacy requirement of 23(g).

### 5. Given the Complexity of the Action, the Proposed Case Leadership Structure is Appropriate

Plaintiffs and the Class will benefit from counsel working together in an organized, collaborative and efficient manner, and the appointment of Interim Class Counsel will further that objective and result. As discussed above, Proposed Interim Co-Lead Class Counsel has communicated with hundreds of class members who have experienced the defect, investigated the alleged defect, engaged in expert consultation regarding the

-11-

technical issues in the case, drafted a detailed Complaint, and successfully worked together in the organization of a proposed leadership structure.  In addition, the appointment of the Proposed Executive Committee will help to streamline discovery and any discovery disputes with defense counsel. Because of the breadth of Proposed Interim Class Counsel's experience and the substantial time and effort they have invested in the Action, the appointment of the Proposed Interim Class Counsel is in the best interest of the Class.

In addition, the accompanying proposed order submitted to the Court would grant Interim  Co-Lead Counsel authority over, *inter alia*, the following matters:

- to delegate and oversee the assignment of specific tasks to other counsel to ensure the litigation is conducted efficiently and effectively;
- to maintain adequate time and disbursement records covering services;
- to determine and present the position of Plaintiffs and the putative class on all matters;
- to coordinate and conduct discovery;
- Other firms will perform work on the case only when work is delegated to them directly by Interim Co-Lead Counsel and all attorney time will be entered on a weekly basis for review and approval to ensure all timekeeping is accurate, reasonable, and further the needs of the case; and
- to perform other duties necessary to the proper prosecution of this litigation on behalf of Plaintiffs and the putative class.

Thus, Interim Co-Lead Counsel shall have the responsibility to ensure that all attorney time in this case is conducted efficiently and for the benefit of Plaintiffs and the putative class.

### 6. There Is a Competing Action

The Court should also appoint Interim Class Counsel because there is a competing action that was filed in the United States District Court for the Northern District of Illinois on April 16, 2018, nearly one year after the complaint was filed in this Action:

*Smolek v. Hyundai Motor Am..*, No. 1:18-cv-02716, (N.D. Ill.). Both the *Smolek* Action and the instant Action seek to represent consumers who purchased vehicles with defective Theta II engines, specifically the *Smolek* Action seeks to represent a class of Illinois consumers with vehicles not subject to previous recalls and the instant Action seeks to represent a nationwide class of all consumers that purchased vehicles with the defective Theta II engine.[3] While not explicitly required under Rule 23(g), Courts have previously analyzed the presence of competing actions when ruling on a motion to appoint interim counsel. *See, e.g.*, *Yaeger v. Subaru of America, Inc.*, No. 14-4490(JBS/KMW), 2014 WL 7883689, at *2 (D.N.J. Oct. 8, 2014) (discussing the absence of any competing litigation and denying motion to appoint interim counsel); *Kuzian v. Electrolux Home Prod.*, Inc., 937 F. Supp. 2d 599, 620 (D.N.J. 2013) (same).

Here, the presence of the second, tag-along action supports Plaintiffs' motion because the "designation of interim counsel [will] clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.* (citing Manual for Complex Litigation, Fourth, § 21.11, at 246 (Fed. Judicial Center 2004)).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the accompanying Order approving the Proposed Interim Class Counsel structure.

DATED: April 17, 2018.                    **SAUDER SCHELKOPF LLC**

                                          By:  */s/ Matthew D. Schelkopf*
                                               Joseph G. Sauder
                                               Matthew D. Schelkopf
                                               Joseph B. Kenney
                                               555 Lancaster Ave.
                                               Berwyn, PA 19312

---

[3] The *Smolek* action names both Hyundai Motor America and Kia Motors America as Defendants, despite their corporate separateness. Here, Proposed Interim Class Counsel has a separate case pending against Kia Motors America, Inc.: *In re: Kia Engine Litig.*, No. 8:17-cv-00838-JLS-JDE (C.D. Cal.).

Telephone: (610) 200-0580

Adam Gonnelli, Esq.
**THE SULTZER LAW GROUP**
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
gonnellia@thesultzerawgroup.com

*Proposed Interim Co-Lead Counsel*

Bonner Walsh
**WALSH PLLC**
1561 Long Haul Road
Grangeville, ID 83530
Telephone: (541) 359-2827
Facsimile: (866) 503-8206
Email:  bonner@walshpllc.com

*Proposed Executive Committee*

Richard D. McCune
State Bar No. 132124
rdm@mccunewright.com
David C. Wright
State Bar No. 177468
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO LLP**
3281 Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Laura R. Reznick
**LEEDS BROWN LAW, P.C.**
1 Old Country Road, Suite 347
Carle Place, NY 11514
Telephone: (516) 873-9550
Email:lreznick@leedsbrownlaw.com

**HALUNEN LAW**
Melissa W. Wolchansky (to be admitted *pro hac vice*)

-14-

*wolchansky@halunenlaw.com*
Amy E. Boyle (to be admitted *pro hac vice*)
*boyle@halunenlaw.com*
1650 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

**CARLSON LYNCH SWEET KILPELA & CARPENTER**
Todd D. Carpenter (CA 234464)
tcarpenter@carlsonlynch.com
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6994
Facsimile: (619) 756-6991

Edwin J. Kilpela (to be admitted *pro hac vice*)
ekilpela@carlsonlynch.com
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246

Jonathan D Miller
**Nye Peabody Stirling Hale and Miller LLP**
33 West Mission Street Suite 201
Santa Barbara, CA 93101
805-963-2345
Fax: 805-563-5385
Email: jonathan@nps-law.com

*Attorneys for Plaintiffs*

Pls.' Memo. of Law in Support of Unopposed Mot. for Appointment of Interim Class Counsel
Case No.:  8:17-cv-02208-JLS-JDE

**CERTIFICATE OF SERVICE**

I, Matthew D. Schelkopf, hereby certify that on this 17th day of April, 2018 I caused the foregoing to be filed using the Court's CM/ECF system, and thereby electronically served it upon all registered ECF users in this case.

DATED:  April 17, 2018.                    Respectfully submitted,

                                            By:   */s/ Matthew D. Schelkopf*
                                                  Matthew D. Schelkopf